REGINA B. GRAY, COMPLAINANT–APPELLANT, **v.** BLANCHE I. BRADLEY, DEFENDANT–RESPONDENT.

Argued November 1, 1948—Decided November 15, 1948.

*Mr. Charles W. Symanski* argued the cause for complainant-appellant.

*Mr. Samuel Doan* argued the cause for defendant-respondent (*Mr. Charles C. Stalter,* attorney).

The opinion of the court was delivered by

BURLING, J. This is an appeal from a decree of the former Court of Chancery dismissing a bill seeking to impress a lien upon certain lands in Ridgewood in the County of Bergen. The decisive issue is whether the facts adduced give rise to a constructive trust resulting from an alleged unjust enrichment.

Complainant, a widow with a son aged eleven, moved from the State of Georgia to the house of her older sister, the defendant, upon the death of her husband in 1942. The defendant is unmarried and a school teacher, with whom resides another sister, Marion, who is in a state of poor mental health. There is evidence that the move was at the invitation of the defendant who assured complainant that she could live there

permanently. Shortly after the arrival of complainant and her son it became apparent that the house was overcrowded. It was decided to remodel the second floor so as to provide additional room for complainant and her son. With this plan she concurred although she knew that defendant had not the money to finance it. Complainant herself testified that this was done for her benefit to provide living quarters for herself and her child.

The cost of those alterations came to $3426.00, all of which was paid by complainant. She testified that she tried to draw her older sister into conversations about the transaction but that defendant avoided such discussion. This is denied by defendant and it is significant that complainant conceded that she never demanded repayment of the money. Upon the completion of the alterations complainant and her son moved into the new part and remained there from 1943 until May 31, 1947 on which date they voluntarily moved from the premises. Defendant testified without contradiction that her home was still available to the complainant.

We are in agreement with the Vice-Chancellor that the proofs in this case fail to reveal any ground upon which relief may be granted. No contract was shown to exist between the parties. A constructive trust must be established by clear, definite, unequivocal and satisfactory evidence. *Richter v. North American Building and Loan Association,* 110 *N. J. Eq.* 182, at 185 *(Ch.* 1932); *Moses v. Moses,* 140 *N. J. Eq.* 575, *at page* 577 *(E. & A.* 1947). Measured by this standard the proof falls far short.

██ Complainant has attempted to establish a confidential relationship between the parties, an abuse of which gives rise to a constructive trust. *Moses v. Moses, supra, at page* 581. The proofs do not support the claim. Mere family relationship, while likely to induce confidential relationship, does not of itself produce that effect. *Holton v. Holton,* 72 *N. J. Eq.* 312 *(Ch.* 1906); *Barnes v. Taylor,* 27 *N. J. Eq.* 266, at 269 *(Ch.* 1876); affirmed 28 *N. J. Eq.* 625 *(E. & A.* 1877); *Gerner et al. v. Kespelher, et al.,* 351 *Pa.* 649, 41 *Atl.* 2d 860 at 862 *(Penna. Supreme Court,* 1945); *Dyblie v. Dyblie,* 389 *Ill.* 326, 59 *N. E.*

2d 657, at 660 *(Supreme Court of Illinois,* 1945*); Pomeroy's Equity Jurisprudence, 4th Vol. 5th edition,* § 1056a, *at page* 139; *Restatement, Restitution, sec.* 166, *comment d, page* 676. Moreover in the instant case there are factors which negate any such confidential relationship. The proofs were that it was the complainant, not the defendant, who held the purse strings. The alterations were done to suit her needs and she voluntarily undertook to bear part of the household expenses. The proofs clearly indicate that complainant made the improvements on defendant's land in order to secure a home for herself and her son and she thereafter voluntarily quit the premises, which still remain open to her.

The decree of the former Court of Chancery is affirmed.

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, HEHER, WACHENFELD, BURLING, and ACKERSON—6.

*For reversal:* None.