**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2719-21

ERIC GOLDFINE, TRUSTEE OF
THE ERIC GOLDFINE SELF-
EMPLOYED RETIREMENT
PLAN AND TRUST,

     Plaintiff-Respondent,

v.

DISTINGUISHED HOMES, LLC,

     Defendant,

and

KURZ CAPITAL, LLC,

     Defendant-Appellant.

_____

Submitted December 11, 2023 – Decided January 16, 2024

Before Judges Sabatino and Marczyk.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-010294-19.

Coffey & Associates, attorneys for appellant (Gregory Joseph Coffey, of counsel and on the briefs; Richard Joseph Dewland, on the briefs).

Anthony Andreas Boyadjis, attorney for respondent.

PER CURIAM

Defendant Kurz Capital, LLC ("Kurz Capital") appeals from the trial court's May 28, 2020 order granting plaintiff Eric Goldfine Self-Employed Retirement Plan and Trust ("SERPT") summary judgment. Kurz Capital further appeals from the court's April 28, 2021 denial of its motion for reconsideration. Kurz Capital also challenges the court's February 7, 2022 order granting SERPT's motion to discharge the lis pendens and denying Kurz Capital's motion for a constructive trust. Kurz Capital further appeals the court's May 5, 2022 final judgment of foreclosure in favor of SERPT. Based on our review of the record and the applicable legal principles, we affirm.

I.

In August 2014, Kurz Capital entered into a loan and first purchase money mortgage agreement ("Kurz agreement") with defendant Distinguished Homes, LLC ("Distinguished Homes") and its individual members, Dimitrios Angelis and Dushyanth Surakanti, for the purchase and renovation of a residential property in Chatham ("Chatham property"). Pursuant to the agreement, Kurz

2

Capital agreed to loan Distinguished Homes up to $1,400,000.[1]  Kurz Capital

wired the loan's first installment, consisting of $850,000, in August 2014.  The

Kurz agreement also dictated that the loan was to be the first and only mortgage

and lien on the property.  However, the Kurz agreement was never recorded with

the Morris County Clerk's Office, as Distinguished Homes only provided their

signatures in a facsimile format.[2]

Between May 2015 and October 2018, Distinguished Homes executed

four promissory notes and mortgages with SERPT totaling $975,000.  The

mortgages were also secured by the Chatham property and were properly

recorded soon after they were executed.  The mortgages contained a provision

for default and acceleration of the outstanding principal in the event an action

or proceeding is commenced against Distinguished Homes.  The first of these

promissory notes and mortgages was executed in May 2015, for the amount of

$500,000.  As part of this initial agreement, Angelis and Surakanti also signed

a "Borrower's Acknowledgement No Liens" in which they certified that there

---

[1]  In return, Distinguished Homes agreed to repay this amount, with twelve percent interest and two percent of the eventual sale price of the property, within one year.

[2]  Kurz Capital asserts it tried to obtain physical signatures from Distinguished Homes but was unable to do so after several attempts.

were "currently no open liens" for the property. The second agreement was executed in September 2017, for the amount of $250,000. Prior to signing this September agreement, Angelis edited a clause in the agreement. Specifically, paragraph eighteen was amended from "[t]hat no [s]ubordinate [f]inancing shall be placed on the subject property without the written consent of the Mortgagee" to "[t]hat no recorded [s]ubordinate [f]inancing shall be placed on the subject property without the written consent of the Mortgagee." (Emphasis added). The third agreement was executed on May 10, 2018, for $100,000. The fourth agreement was executed on October 31, 2018, for the amount of $125,000. The third and fourth agreement did not have the previous amendment to paragraph eighteen.

From November 5, 2015 to December 22, 2015, Angelis renegotiated his mortgage terms for several properties with Kurz Capital. These changes included an alteration to the interest rate (from twelve percent to eight percent) and revised the sell-by date to December 1, 2016, for all properties. Despite these changes, Kurz Capital was never made aware of Distinguished Homes' mortgage agreements with SERPT. Kurz Capital believed, as per the Kurz agreement with Distinguished Homes, that its mortgage and lien was the only

agreement of its kind for the property. Angelis also did not tell SERPT of the pre-existing Kurz Capital agreement.

In May 2018, because Distinguished Homes did not repay Kurz Capital in accordance with its agreement, Kurz Capital served Distinguished Homes with a notice of default and acceleration and demanded the loan be repaid in its entirety within thirty days. In July 2018, Distinguished Homes had still not repaid the load, and Kurz Capital issued another notice of default and acceleration. Having still not received its loan repayment, on December 14, 2018, Kurz Capital filed a complaint in the Law Division against Distinguished Homes and SERPT. Specifically, the complaint alleged that Kurz Capital had a first purchase money mortgage agreement with Distinguished Homes and priority over any other encumbrance. It further alleged Distinguished Homes' actions were fraudulent, in breach of contract, a breach of the implied covenant of good faith and fair dealing, and committed in bad faith. SERPT maintained that the agreement between Kurz Capital and Distinguished Homes did not represent a mortgage agreement as the document did not have a legal description

5 <span>A-2719-21</span>

of the property, was not notarized or witnessed upon signing, and was not recorded or acknowledged by the Morris County Court Clerk's office.[3]

On June 4, 2019, SERPT filed an action in foreclosure. On May 28, 2020, the trial court entered an order granting summary judgment in SERPT's favor. On April 28, 2021, the trial court denied Kurz Capital's motion for reconsideration. On February 7, 2022, the trial court entered an order granting SERPT's motion to discharge Kurz Capital's lis pendens and denied Kurz Capital's motion for the imposition of a constructive trust. A final judgment in foreclosure was subsequently entered on May 5, 2022.[4] This appeal followed.

II.

Kurz Capital raises several issues on appeal. First, it argues there were disputed issues of material fact regarding SERPT's knowledge concerning Kurz's Capital's mortgage that should have precluded the entry of summary judgment. Kurz Capital further contends the trial court erred in discharging the

---

[3] SERPT was eventually dismissed from the Law Division case. The court denied Kurz Capital's motion for summary judgment as to Distinguished Homes. Otherwise, the status of the Law Division action is not clear from the record. The orders on appeal before us are from the foreclosure action, not the Law Division case.

[4] The Chatham property was the subject of a sheriff's sale conducted by the Morris County Sheriff's Office on July 7, 2022.

A-2719-21

lis pendens because it still has a probability of success on the fraudulent inducement claim against Distinguished Homes. Lastly, Kurz Capital asserts the trial court erred by not imposing a constructive trust on the funds received by SERPT and Distinguished Homes in the sale of the Chatham property.

A.

Kurz Capital argues material and disputed fact questions exist regarding SERPT's knowledge regarding Kurz Capital's pre-existing first purchase money mortgage agreement, which represents a meritorious defense to the foreclosure action that should not have been determined by the court on a summary judgment motion. Kurz Capital further contends its pre-existing purchase money agreement with Distinguished Homes "represents an equitable vendee's lien" on the Chatham property.[5] Kurz contends SERPT had actual or constructive notice of its pre-existing mortgage. More particularly, it argues SERPT had constructive knowledge of the Kurz agreement because during the negotiation

---

[5] Kurz only references the term "vendee's lien" in its reply brief. However, its initial brief does cite to <u>Cox v. RKA Corp.</u>, 164 N.J. 487 (2000), for the same principle. Specifically, it asserts it had a vendee's lien, and that is generally superior to that of a mortgagee with notice of the vendee's interest. Kurz further contends that in light of this equitable principle encompassed by a vendee lien, it does not matter whether its agreement with Distinguished Homes was an actual mortgage or that it did not meet the formalistic requirements of a mortgage.

and drafting of the second mortgage agreement between SERPT and Distinguished Homes, an agent of Distinguished Homes amended a provision of the contract which read "no [s]ubordinate [f]inancing shall be placed on the subject property without the written consent of the Mortgagee" and added language stating that "no recorded [s]ubordinate [f]inancing shall be placed on the subject property without the written consent of the Mortgagee." (Emphasis added). Kurz Capital contends this amendment suggests a prior unrecorded interest existed on the property and raises a question of fact as to whether SERPT had actual or constructive knowledge that other financing may have existed, and therefore SERPT did not have the authority to foreclose on the Chatham property. Accordingly, it asserts summary judgment was inappropriate.

SERPT counters that Kurz Capital has no mortgage, given that the Kurz agreement was not acknowledged, notarized, witnessed, or recorded. Moreover, the unauthorized amendment to the September 18, 2017 SERPT mortgage that Kurtz Capital extensively relies in its appeal, "can have but one meaning: that prospectively, prior to obtaining subordinate financing in the future, [Distinguished Homes] needed [SERPT's] written consent . . . ."[6] SERPT further

---

[6] SERPT notes there is no argument made that this language would have any impact on SERPT's initial mortgage of $500,000 made two years prior to the September 18, 2017 mortgage.

A-2719-21

notes there is nothing in this clause to indicate there was a prior unrecorded mortgage on the property. Lastly, SERPT contends Kurz Capital has not provided any authority that knowledge of a prior unrecorded loan will preclude a mortgage holder from foreclosing.

Our Supreme Court in <u>Cox v. RKA Corp.</u> noted, "New Jersey is considered a 'race-notice' jurisdiction, which means that as between two competing parties the interest of the party who first records the instrument will prevail so long as that party had no actual knowledge of the other party's previously-acquired interest." 164 N.J. at 496. A vendee's lien is created, through the doctrine of equitable conversion, when a purchaser of real property has advanced partial payment of the purchase price to the vendor, who subsequently defaults on the contract. The lien gives the purchaser the right to recoup the value of the benefit he or she bestowed on the seller out of the real property itself, which stands as security for the repayment of purchase money paid. <u>Id.</u> at 518 (Stein, J., concurring in part).

> The overarching goal of the vendee's lien is to ensure that a vendee may have the opportunity to recoup his or her investment in real property. That a vendee's lien is superior to liens of other purchasers who have purchased with knowledge of the vendee's equitable interest is a basic principle of property law.

A-2719-21

Id. at 519 (citing 29 N.J. Practice, Law of Mortgages § 101, at 374 (Roger A. Cunningham & Saul Tischler) (1975)).

We review a grant of summary judgment by applying the same legal standard as the motion judge. Townsend v. Pierre, 221 N.J. 36, 59 (2015). We must determine whether there is a "genuine issue as to any material fact" when the evidence is "viewed in the light most favorable to the non-moving party . . . ." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014) (first quoting R. 4:46-2(c); then quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). The "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference" and are reviewed de novo. Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382-83 (2010). We review a trial court's decision to grant or deny an ensuing motion for reconsideration for an abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).

The trial court initially granted SERPT's summary judgment motion finding Distinguished Homes defaulted on its mortgage, and SERPT was entitled to foreclose. Additionally, SERPT had a right to foreclose because it had priority over Kurz Capital's interest. Because of a subsequent deposition, the court considered Kurz Capital's motion for reconsideration, which set forth

the same arguments above with respect to the amendment of paragraph eighteen, putting SERPT on notice of a prior loan from Kurz Capital.

The trial court noted it previously determined there was no constructive notice of Kurz Capital's interest because Kurz Capital did not record its mortgage. The court observed Kurz Capital was now arguing there was actual or constructive notice based on the changes to the clause made at the September 2017 mortgage closing and the fact that SERPT's corporate representative stated he would have stricken the clause if he was at the closing. The court determined the fact that SERPT's representative being present at the mortgage closing, coupled with the corporate representative stating he would not have allowed the change, was insufficient to create a fact issue for purposes of summary judgment as to whether SERPT knew of a prior unrecorded mortgage on the property. The court stated this additional information did not demonstrate SERPT had knowledge of the Kurz Capital agreement with Distinguished Homes. We agree.

Although Kurz Capital may have had a vendee lien stemming from its agreement with Distinguished Homes, we are satisfied the trial court properly granted summary judgment. The court correctly determined SERPT had priority over Kurz Capital as there is no indication SERPT had actual or constructive knowledge of Kurz Capital's interest. We are unconvinced the change to the

11

September 2017 mortgage agreement—relied upon by Kurz Capital—should have alerted SERPT that there was some prior undisclosed lien or other financing that could impact SERPT's interest. Rather, the amendment is logically read to indicate that going forward Distinguished Homes had an obligation to obtain consent prior to obtaining recorded financing. Moreover, Distinguished Homes executed a "Borrower's Acknowledgement No Liens" on May 1, 2015—in advance of the initial May 10, 2015 mortgage agreement between Distinguished Homes and SERPT—in which it represented there were "currently no open liens" for the property.

### B.

We next address Kurz Capital's argument the trial court erred in discharging the lis pendens on the subject property because Kurz Capital continued to maintain a probability of success on the merits against the Distinguished Homes and its individual partners on its fraudulent inducement claim. Kurz Capital points to a portion of the Law Division court's opinion in which that court acknowledged it had established sufficient evidence to support a claim for fraudulent inducement against Distinguished Homes.

The trial court here noted the foreclosure matter had been resolved, and SERPT appeared to be seeking a lis pendens for the separate Law Division

action against Distinguished Homes, where SERPT had already been dismissed. The court noted Kurz Capital should have sought this relief in the Law Division action, but given that case only involved a claim for money damages, relief was unlikely in any event. The court ultimately denied the application.

N.J.S.A. 2A:15-6 allows a party to file and record a lis pendens in order to enforce a lien or affect title to real estate. However, under this statute, "[n]o notice of lis pendens shall be filed . . . to recover a judgment for money or damages only." Ibid. There were no remaining claims in the foreclosure action when Kurz Capital filed the underlying motion to discharge the lis pendens. In addition, its only claims against Distinguished Homes were for money damages in the Law Division action as the claim against SERPT had already been dismissed. We also agree the foreclosure claims were previously adjudicated. In short, the trial court correctly discharged Kurz Capital's lis pendens.

C.

Lastly, Kurz Capital argues the trial court erred in failing to impose a constructive trust on the funds SERPT and Distinguished Homes received from the sale of the property. "A constructive trust is a remedial device through which the 'conscience of equity' is expressed; it will be imposed when a person has acquired possession of or title to property under circumstances which, in good

13

conscience, will not allow the property's retention." Thompson v. City of Atl. City, 386 N.J. Super. 359, 375-76 (App. Div. 2006) (quoting Flanigan v. Munson, 175 N.J. 597, 608 (2003)), aff'd as modified, 190 N.J. 359 (2007). "In imposing a constructive trust, a court must find that a 'wrongful act' caused the property to come into the hands of the recipient and that the recipient will be 'unjustly enriched' if it is not returned." Id. at 376 (quoting Flanigan, 175 N.J. at 608); see also D'Ippolito v. Castoro, 51 N.J. 584, 588 (1968) (explaining the two-step test and "that a constructive trust will be impressed in any case where to fail to do so will result in an unjust enrichment" but requires a finding of "some wrongful act" on the part of the property recipient). "In that circumstance, the court of equity converts the recipient into a trustee and requires that he account for the res in whatever manner the court deems fair and just." Thompson, 386 N.J. Super. at 376. The suitability of imposing a constructive trust must be established "by clear, definite, unequivocal and satisfactory evidence." Gray v. Bradley, 1 N.J. 102, 104 (1948).

The trial court denied the request for a constructive trust noting that all issues in the foreclosure action had already been fully adjudicated, and the application for a constructive trust was improperly brought in the foreclosure action. The court further noted that if Kurz Capital was seeking equitable

interim relief in the form of a constructive trust "it may do so in the [pending] Law Division action [where that court] is empowered to grant" such equitable relief. In short, Kurz Capital had another avenue of relief separate from the foreclosure action.

The wrongful act to which Kurz Capital points is Distinguished Homes' concealment of the funding it received from Kurz Capital when seeking to obtain loans from other parties, in particular, SERPT. Kurz Capital claims Distinguished Homes gained an unjust financial gain through this act of deception. Kurz Capital does not allege any wrongful acts on behalf of SERPT. Even if Distinguished Homes committed the requisite "wrongful act" under the D'Ippolito test, SERPT was not unjustly enriched by said act. As the trial court found, and we now affirm, SERPT was entitled to foreclose on the property. We discern no misapplication of discretion by the trial court in denying Kurz Capital's motion for a constructive trust.

To the extent we have not specifically addressed any of the parties' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2719-21